IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONNIE FAGAN, # 129856, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO: 2:19-CV-151-WHA-SMD |
| ) | |
| PARTICE RICHIE, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

State inmate Ronnie Fagan brought this action on February 26, 2019, as a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Fagan is incarcerated at Bullock Correctional Facility in Union Springs, Alabama under a 50-year sentence imposed in 1981 by the Circuit Court of Lawrence County upon his conviction for first-degree rape. He seeks immediate release from prison, arguing his confinement violates the Double Jeopardy Clause because his first trial on the rape charge ended in a mistrial, which he says barred the subsequent retrial that ended with his conviction and 50-year sentence. As this Court stated in a previous order (Doc. 2), Fagan's habeas petition should be treated as one seeking relief under 28 U.S.C. § 2254 because the exclusive remedy for an inmate challenging the constitutionality of a state court judgment forming the basis of his custody

is to file a habeas corpus petition under § 2254.[1] *See Cook v. Baker,* 139 F. App'x 167, 169 (11th Cir. 2005); *Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004). For the reasons that follow, the Magistrate Judge concludes that Fagan's case should be transferred to the United States District Court for the Northern District of Alabama.

## II. DISCUSSION

Fagan challenges his 1981 Lawrence County conviction for first-degree rape and his resulting 50-year sentence. As noted above, such a challenge is proper only by petition for writ of habeas corpus under 28 U.S.C. § 2254. Although this court has jurisdiction over Fagan's habeas petition due to his confinement at Bullock Correctional Facility,[2] 28 U.S.C. § 2241(d) provides that where two federal districts within a state have jurisdiction by virtue of, respectively, the place of the petitioner's confinement and the place of his conviction, the court where the petition was filed may "in the exercise of its discretion and in furtherance of justice . . . transfer the application to the other district court for hearing and determination."[3] *See, e.g., Johnson v. Myers*, 2016 WL 2849456, at *2 (M.D. Ala. 2016).

---

[1] Fagan claims he is entitled to seek habeas relief through a § 2241 petition and is not subject to § 2254 because he is a "pretrial detainee." *See* Doc. 1 at 2; Doc. 3 at 1–2. In this regard, he argues that his conviction and sentence are invalid and therefore cannot be deemed the basis of his confinement. Doc. 3 at 1–6. This of course begs the question of the invalidity of his conviction and sentence, which have not been found to be invalid by any court the undersigned is aware of and are clearly the basis of his confinement in state prison. Notwithstanding his claim to the contrary, Fagan is not a pretrial detainee—and he is in custody pursuant to a state court judgment. His remedy is under § 2254.

[2] The Bullock Correctional Facility is in Union Springs in Bullock County, Alabama, which is located in the Middles District of Alabama. *See* 28 U.S.C. § 81(b)(1).

[3] Section § 2241(d) states:

(continued…)

Lawrence County is located in the Northern District of Alabama. *See* 28 U.S.C. § 81(a)(2). Because the records and witnesses relating to the Fagan's conviction are likely located in that district, this court finds that the furtherance of justice and judicial economy will be best served by transferring this case to the United States District Court for the Northern District of Alabama for review and disposition.

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama under 28 U.S.C. § 2241(d).  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 19, 2019**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. §

---

Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. § 2241(d). Pursuant to § 2241(d), an action under § 2254 may be filed in either the district court for the district wherein the petitioner is in custody or in the district court for the district within which the state court was held that convicted and sentenced the petitioner. *Cook v. Baker,* 139 F. App'x 167, 169 (11th Cir. 2005); *see also Dobard v. Johnson*, 749 F.2d 1503, 1504 (11th Cir. 1985) (noting that a state prisoner may file a petition for habeas corpus in the federal judicial district in which he is in custody or in the district in which the court that convicted and sentenced him was located).

636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    DONE this 5th day of April, 2019.

    /s/ Stephen M. Doyle  
    UNITED STATES MAGISTRATE JUDGE